87 F.3d 1308
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eleanor GAMBELLI, Plaintiff--Appellant,
v.
UNITED STATES of America; Dixter Handy; Nicholas
Huntzinger; State Farm Mutual Automobile
Insurance Company, as
Uninsured/Underinsured
Motorist Carrier,
Defendants-
-Appellees.
 No. 95-2310.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 9, 1996
 Decided: June 14, 1996
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (CA-94-868-2)
 ARGUED: William David Breit, BREIT, DRESCHER & BREIT, P.C., Norfolk, Virginia, for Appellant. Anita K. Henry, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Norfolk, Virginia; Lynn Ellen Watson, HEILIG, MCKENRY, FRAIM & LOLLAR, P.C., Norfolk, Virginia, for Appellees. ON BRIEF: Billie Hobbs, BREIT, DRESCHER & BREIT, P.C., Norfolk, Virginia, for Appellant. Thomas C. Dawson, Jr., HEILIG, MCKENRY, FRAIM & LOLLAR, P.C., Norfolk, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before HALL and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant Eleanor Gambelli challenges the district court's dismissal of her tort claim against the United States and against two private individuals for injuries sustained in an automobile accident that occurred when she reentered her car moments after a prior accident. After the first accident, Corporal Edward Williams, a naval police officer who happened to pass by, stopped gratuitously--even though he was outside his jurisdiction--to ensure that nobody was injured and that the local police had been called. Because, she alleges, Corporal Williams did not foresee that Gambelli might subsequently become involved in a second accident, and secure the area accordingly, she sued the United States under the Federal Tort Claims Act. Additionally, she sued the drivers of the two cars involved in the accidents, under pendent party jurisdiction and, allegedly, under diversity.
 
 
 2
 The district court dismissed the claim against the United States because Corporal Williams did not undertake any course of action that would obligate him to prevent future accidents and because, in any event, he was acting outside the scope of his employment. Subsequently, and after an additional hearing devoted solely to the matter, the district court dismissed the claims against the individual drivers because, although discovery had proceeded for several months, Gambelli had failed to produce any probative evidence of diversity, which both drivers denied.
 
 
 3
 We have considered all of the arguments raised by the parties in their briefs and at oral argument, and, for the reasons stated in the two thorough opinions issued by the district court, we affirm the judgment of the district court in all respects.
 
 AFFIRMED